```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
M.D., individually and on behalf of Mam.D. and                     :
Mar.D.,                                                            :
                                                                   :    21 Civ. 9180 (LGS)
                                         Plaintiff,                :
                                                                   :    OPINION & ORDER
                -against-                                          :
                                                                   :
NEW YORK CITY DEPARTMENT OF                                        :
EDUCATION,                                                         :
                                         Defendant.                :
------------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff brings this action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). On April 4, 2022, Plaintiff filed a motion for summary judgment seeking attorneys' fees, costs and post-judgment interest in the total amount of $64,253.72, for work performed by the Cuddy Law Firm ("CLF"). On October 21, 2022, Magistrate Judge Katharine H. Parker issued a Report and Recommendation (the "Report"), which recommended granting in part Plaintiff's motion and awarding attorneys' fees and costs in the amount of $36,007.80. Plaintiff and Defendant each timely filed objections, and Plaintiff filed a response to Defendant's objections. For the reasons below, the Report is adopted in full.

**I.   BACKGROUND**

Familiarity with the Report and the structure of the IDEA is assumed. The facts relevant to the parties' objections are below.

   **A. Mam.D.'s Administrative Proceeding**

M.D. is the parent of Mam.D. and Mar.D., children with disabilities as defined by the IDEA. On July 27, 2018, attorneys at CLF initiated a due process complaint (Case Number 175432) alleging that Defendant New York City Department of Education denied Mam.D. a free appropriate

public education ("FAPE") for the 2016-2017, 2017-2018 and 2018-2019 school years. On May 13, 2019, Defendant assigned an Impartial Hearing Officer ("IHO") to the case. The IHO scheduled an administrative hearing for January 9, 2020.

In July 2019, Defendant informed Plaintiff that it probably would not present a case. In the days before the hearing, the parties prepared a statement of agreement that Defendant did not provide a FAPE to Mam.D. and agreeing to Plaintiff's proposed relief. At the January 9, 2020, hearing, the parties agreed to relief in the form of speech and language therapy sessions, occupational therapy sessions, an ABA skills assessment, a functional behavior assessment, psychoeducational evaluation, speech and language evaluation and occupational therapy evaluation. The hearing lasted six minutes. On May 30, 2020, the IHO issued an order accepting the parties' agreed relief. On November 30, 2020, Plaintiff submitted a demand for attorneys' fees related to Case Number 175432. Although Defendant acknowledged receipt of the demand and assigned someone to settle the claim, Defendant did not respond to the demand.

### B. Mar.D.'s Administrative Proceeding

On August 31, 2018, attorneys at CLF initiated a second due process complaint (Case Number 176051) on behalf of Mar.D. The complaint alleged that Defendant denied Mar.D. a FAPE for the 2016-2017, 2017-2018 and 2018-2019 school years. On September 6, 2018, the case was assigned to the same IHO. The IHO scheduled the administrative hearing for March 19, 2019, and it was later rescheduled to March 27, 2019.

On March 15, 2019, Defendant notified Plaintiff that it would not cross-examine the Plaintiff's witnesses at the hearing. At the hearing, Defendant conceded that it did not provide a FAPE to Mar.D. and agreed to conduct or fund sessions of speech and language therapy, sessions of occupational therapy, an ABA therapy evaluation, a functional behavior assessment, a psychoeducational evaluation, speech and language evaluation, an assistive technology evaluation

and occupational therapy evaluation. The hearing lasted no more than ten minutes. On June 13, 2019, the IHO issued an order accepting the parties' agreed relief. On April 11, 2020, Plaintiff submitted a demand for attorneys' fees related to Case Number 176051. Defendant assigned someone to settle the claim, but Defendant did not respond to the demand.

### C. Federal Action

On November 5, 2021, Plaintiff initiated this action. On March 30, 2022, Defendant made an offer of settlement of $21,600 to settle both cases. Plaintiff rejected the settlement offer. On April 4, 2022, Plaintiff moved for summary judgment. Plaintiff seeks $22,098.98 in fees and costs for Case Number 175432, $27,817.74 in fees and costs for Case Number 176051 and $14,337.00 in fees and costs for the federal court litigation, for a total of $64,253.72. Plaintiff also seeks post-judgment interest from the date of judgment. As noted, the Report recommends awarding attorneys' fees and costs of $36,007.80, plus post-judgment interest.

## II.   LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (summary order). A district court need only satisfy itself that "no clear error [is apparent] on the face of the record." *See, e.g.*, *Candelaria v. Saul*, No. 18 Civ. 11261, 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1);

*United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13 Civ. 8408, 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal quotation marks omitted).

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)-(C). To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)). "Such fees must be reasonable and based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240-cv, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022). In determining an appropriate hourly rate, a court should consider, "all pertinent factors, including the *Johnson* factors." *Lilly*, 934 F.3d at 230 (discussing *Johnson v. Ga. Hwy. Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 228. "A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *A.G. v. N.Y.C.*

*Dep't of Educ.*, No. 20 Civ. 7577, 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021). In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill*, 522 F.3d at 184). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7337, 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 2417, 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

**III.    DISCUSSION**

The Report recommends (1) attorney billing rates of $425 an hour (Andrew Cuddy), $375 an hour (Jason Sterne) and $325 an hour (Justin Coretti and Kevin Mendillo), (2) paralegal billing rates of $125 an hour, (3) a reduction of attorney and paralegal hours billed on Case Number 175432 (reimbursing 38.95 hours, excluding travel), (4) a 15% reduction of attorney and paralegal hours billed on Case Number 176051 (reimbursing 52.96 hours, excluding travel), (5) a 40% reduction of attorney and paralegal hours billed on the federal action (reimbursing 28.14 hours), (6) a $5,226.05 reduction in costs, including travel and (7) an award of post-judgment interest. Plaintiff objects to the reduction of any fees, pursuant to 20 U.S.C. § 1415(i)(3)(G). Plaintiff also objects to the recommended attorney rates and the reduction in attorney and paralegal time reimbursed. Defendant objects to the recommended attorney and paralegal rates, the reimbursement of travel time, the reimbursement of other costs and expenses and, pursuant to 20 U.S.C. § 1415(i)(3)(D), the

reimbursement of any fees for work billed after the March 30, 2022, settlement offer. Accordingly, those portions of the Report are reviewed de novo, while the remaining portions of the Report are reviewed for clear error.

### A. Protracted Litigation

Plaintiff objects to the Report's recommendation to reduce fees, arguing that Defendant unreasonably protracted the administrative proceedings. *See* 20 U.S.C. § 1415(i)(3)(G). The objections are overruled. The recommendation to reduce fees to a reasonable amount, as well as the Report's finding that any delay in the administrative proceedings did not rise to an unreasonable protraction, are adopted.

Under the IDEA fee-shifting statute, a court is required to reduce attorneys' fees under certain circumstances, *see* 20 U.S.C. § 1415(i)(3)(F), unless the court finds that the "[s]tate or local educational agency unreasonably protracted the final resolution of the action or proceeding," *see id.* § 1415(i)(3)(G). As the Report notes, there is some evidence that Defendant prolonged the hearings by, for example, failing to hold the statutorily mandated resolution meeting. However, any delay by Defendant did not render the administrative proceedings "unduly complex or time-intensive." *M.D. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6060, 2021 WL 3030053, at *6 (S.D.N.Y. July 16, 2021); *see K.O. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10277, 2022 WL 1689760, at *14 (S.D.N.Y. May 26, 2022) (concluding that the DOE did not unreasonably protract the proceedings where it failed to hold a mandatory resolution meeting and failed to appoint an IHO "for much longer" than the 75 days required to complete due process). Plaintiff's argument that reducing fees here would give the DOE "free reign to disregard the IDEA's due process procedures" is unpersuasive, as § 1415(i)(3)(G) remains a backstop to delay that becomes unreasonable.

B. **Attorney Hourly Rates**

The Report recommends $425 per hour for Mr. Cuddy, $375 per hour for Mr. Sterne and $325 per hour for Messrs. Coretti and Mendillo. Both parties object to the Report's recommended hourly rates for attorneys. Plaintiff seeks rates of $550 (Cuddy and Sterne), $450 (Mendillo) and $425 (Coretti), while Defendant requests $367.50 (Cuddy and Sterne), $210 (Mendillo) and $183.75 (Coretti). For the reasons below, the rates recommended by the Report are adopted.

The determination of a reasonable hourly rate "contemplates a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel, an inquiry that may include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Townsend v. Benjamin Enters.*, 679 F.3d 41, 59 (2d Cir. 2012) (quotation marks omitted); *accord M.D.*, 2021 WL 3030053, at *2. As the Report correctly notes, the nature of the administrative proceedings here supports an award of rates somewhat lower than those requested, as this case is essentially uncontested. The administrative proceedings each lasted no more than ten minutes, and Defendant conceded that it had not provided Mam.D. or Mar.D. a FAPE. *See M.R. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 5503, 2022 WL 4396835, at *3 (S.D.N.Y. Sept. 23, 2022) (rejecting a report and recommendation's recommended fee award "in light of the relatively uncomplicated nature of the work involved in this case"), *modified on other grounds*, 2022 WL 16575767 (S.D.N.Y. Oct. 31, 2022); *M.D.*, 2021 WL 3030053, at *5 (noting "Defendant conceded failure to provide a FAPE at the first hearing and presented no witnesses" in setting rates); *S.J. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1922, 2021 WL 100501, at *4 (S.D.N.Y. Jan. 12, 2021) ("Here, success came in the context of an uncontested proceeding lasting less than two hours, regarding relatively straightforward issues.").

Plaintiff argues that the Report does not account for "frequent and prevailing higher rates" in the spreadsheet of settlements paid by the DOE between 2016 and 2020 and fails to reconcile Judge

7

Parker's previous consideration -- in an unrelated IDEA case from 2019 -- "that prevailing rates for experienced IDEA attorneys are in the range of $350 to $650 per hour." *D.B. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 7898, 2019 WL 6831506, at *4 (S.D.N.Y. Apr. 22, 2019), *report and recommendation adopted*, No. 18 Civ. 7898, 2019 WL 4565128 (S.D.N.Y. Sept. 20, 2019). The argument is unpersuasive because rates in IDEA fee cases are set on a case-by-case basis and depend on many factors, including the non-exhaustive *Johnson* factors. *See, e.g.*, *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 711, 2022 WL 3572935, at *6 (S.D.N.Y. Aug. 19, 2022) ("The Court has carefully considered the evidence submitted and all of the *Johnson* factors in its analysis for each timekeeper."), *appeal docketed*, No. 22-1914-cv (2d Cir. Sept. 1, 2022); *B.C. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2840, 2022 WL 3214374, at *7 (S.D.N.Y. Aug. 9, 2022) (setting rates "[a]fter reviewing [case-specific] materials, considering the *Johnson* factors, and looking to similar judicial decisions within this district"), *appeal docketed*, No. 22-1918-cv (2d Cir. Sept. 1, 2022); *see also Lilly*, 934 F.3d at 230 ("The district court, in exercising its considerable discretion, should bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." (cleaned up)). To the extent Plaintiff objects to the report on related grounds, including that the Report's "rule for CLF's retainer agreements" is "impracticable," those objections are overruled. Prevailing rates within the district and evidence of actual rates among the attorneys, while relevant to the court's determination of a reasonable fee, are not binding and do not reflect the level of skill required, time limitations posed in the case or the degree of success in the case, which are all relevant under *Johnson*.

      Plaintiff's remaining objections to the recommended hourly rates pertain to other factors in the *Johnson* analysis -- in particular, that the Report "conflates eventual settlement of relief with novelty or difficulty of issues" and "misplaces focus" on accepting other cases while litigating these two. The objections are overruled. As the Report correctly notes, the administrative hearings did

not raise complex issues. *See B.C.*, 2022 WL 3214374, at *7 ("On the other hand, as in *K.O.*, the questions presented were not particularly novel or complex." (internal quotation marks omitted)). The hearings concerned matters that CLF has routinely litigated for over a decade, and no part of the record suggests that the issues here were especially difficult or otherwise novel. As to the fourth *Johnson* factor -- "the preclusion of employment by the attorney due to acceptance of the case" -- Plaintiff's argument is unpersuasive. The Report notes, and Plaintiff does not contest, that Plaintiff was able to accept other cases while litigating this one. That Plaintiff could not accept *all* other cases during this period does not tilt this factor in his favor. Finally, to the extent the Report misstates the evidence submitted as to Mr. Sterne's and Mr. Mendillo's credentials, it was harmless as it does not affect the Court's determination that, given the record of this case and for the reasons stated herein, the recommended attorney rates are reasonable.

      Defendant argues that the recommended rates are unreasonably high as there was "nothing unique or nuanced about the simple administrative proceedings at issue here." While this assertion may be true, it is not dispositive. While neither case was ultimately contested, and Defendant did not present any witnesses, other *Johnson* factors favor a relatively higher award. As the Report notes, CLF secured all of Plaintiff's requested relief -- an admission that Defendant failed to provide a FAPE, Defendant's compliance with the IHO's order and implementation of the statements of agreement. *See S.J.*, 2021 WL 100501, at *4 ("As Plaintiff correctly notes, the hourly rates should reflect that counsel secured the relief Plaintiff requested in the underlying administrative proceeding, which is the 'most critical factor' when determining a fee award."). Defendant also delayed the underlying proceedings by, for example, assigning an IHO over eight months after Plaintiff submitted the complaint in Case Number 175432 and waiting to notify Plaintiff that it would agree to their requested relief in Case Number 176051. *See S.P. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 8380, 2022 WL 109266, at *5 (S.D.N.Y. Jan. 11, 2022) (noting where

the DOE's own conduct caused plaintiff to expend potentially unnecessary time and effort, the award of a lower rate is not appropriate), *report and recommendation adopted*, No. 20 Civ. 8380, 2022 WL 484855 (S.D.N.Y. Feb. 16, 2022), *appeal docketed*, No. 22-1918-cv (2d Cir. Mar. 2, 2023).

Defendant also objects that the Report should have adopted the rates used in *M.D.*, 2021 WL 3030053, and *S.J.*, 2021 WL 100501. In those cases, the Court assigned "significantly lower rates to the CLF staff at issue," even though both cases -- similar to this one -- concerned a denial of a FAPE and were largely uncontested. But, as stated above, a court considers "all pertinent factors, including the *Johnson* factors" in determining an appropriate hourly rate. *Lilly*, 934 F.3d at 230. Prior determinations, even for the same attorneys, are not binding, and Defendant offers no compelling reason why the Court must adopt the same rates aside from the three cases being, at least in these regards, similar. Accordingly, the attorney billing rates recommended by the Report are adopted.

### C. Paralegal Hourly Rates

The Report's recommended rates for CLF's paralegals are adopted. Defendant asserts that all paralegals should be reimbursed at $100 per hour. Because no argument or support is offered in favor of this objection, it is overruled.

### D. Hours Expended

Plaintiff objects to the Report's recommendation to reduce attorney and paralegal hours billed in both administrative proceedings and the federal action. Plaintiff's objections are overruled, and the Report's recommendations regarding the hours for which to award fees are adopted.

A fee award should reflect only those hours that were "usefully and reasonably expended" to achieve victory in the case. *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997) (internal quotation marks omitted); *accord K.E. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2815, 2022 WL 4448655, at *13

(S.D.N.Y. Sept. 23, 2022). Courts may exercise discretion to determine the appropriate number of hours to reimburse, removing any billed hours that are "excessive, redundant, or otherwise unnecessary" in light of the litigation. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *accord N.A. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2643, 2022 WL 17581774, at *9 (S.D.N.Y. Dec. 12, 2022). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B.*, 2019 WL 3162177, at *5 (internal quotation marks omitted).

### 1. Administrative Proceedings

Regarding Case Number 175432, Plaintiff seeks 37.6 hours of attorney time (excluding travel) and 14.5 hours of paralegal time, which the Report recommends reducing to 26.95 hours and 12 hours, respectively. For Case Number 176051, Plaintiff seeks 48.9 hours of attorney time (excluding travel) and 13.4 hours of paralegal time, which the Report recommends reducing to 41.565 hours and 11.39 hours, respectively. Plaintiff objects, arguing that the Report "overgeneralizes and removes amounts of time that were obviously necessary to fulfilling basic professional responsibility." Specifically, Plaintiff objects to the reduction in hours for: (1) reviewing various documents at different stages, (2) developing the individualized due process complaints, (3) disclosures made to the DOE and not presented in opposition, (4) off-the-record discussions and email correspondence that were part of the hearing, (5) affidavit development, (6) standard 0.10 hour increments, (7) consent decree enforcement and (8) review and discretionary reduction of billing records. Based on a review of CLF's timekeeping records, the Court finds that the recommended reduction in hours billed would achieve "rough justice" in this case. *C.B.*, 2019 WL 3162177, at *5. The reduction is largely to adjust the "excessive, redundant, or otherwise unnecessary" hours billed in drafting the relatively short and straightforward due process complaints and in preparing for the administrative hearings which each lasted no more than ten minutes and were effectively uncontested. *Quaratino*, 166 F.3d at 425; *accord N.A.*, 2022 WL

11

17581774, at *9.  Plaintiff also argues that the Report erred in recommending a direct hour reduction for Case Number 175432 and later switching to a reasoned percentage reduction without a rationale for the switch.  The argument is unpersuasive, as it is within the Court's discretion to "use a percentage deduction as a practical means of trimming fat from a fee application," and Plaintiff offers no authority suggesting that a court cannot employ both a direct hour reduction and reasoned percentage reduction to determine the number of hours reasonably expended.  *M.D.*, 2021 WL 3030053, at *1.  Accordingly, as a matter of "rough justice," the recommended reduction to the hours billed for the administrative proceedings is adopted.

### 2. Federal Action

The Report's recommended 40% reduction of attorney and paralegal hours billed on the federal action is also adopted.  Plaintiff seeks 43.4 hours of attorney time and 3.5 hours of paralegal time.  The Report recommends reducing these hours to 26.04 hours and 2.1 hours, respectively.  In view of the billing statements and the litigation history, the recommended reduction is reasonable on a de novo review.  "A request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *accord C.B.*, 2019 WL 3162177, at *12.  Plaintiff argues that the DOE "wait[ed] until its opposition to flood [Plaintiff] with nit-picking objections to nearly every minute of time."  A 40% percent reduction is reasonable even weighing this consideration.  The Report's recommended 40% reduction for attorney and paralegal time spent on the federal action is adopted.

### E. Travel Time and Costs

Defendant objects to the Report's recommended reimbursement of travel time and of other costs and expense.  The reimbursements recommended by the Report are adopted.

"A district court may award reasonable costs to the prevailing party in IDEA cases." *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *12 (S.D.N.Y. Aug. 9,

2018) (citing 20 U.S.C. § 1415(i)(3)(B)(i)(1)).  As to the travel time, Defendant argues, citing *M.D.*, 2021 WL 3030053, that "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and an additional five hours in billable time for each trip."  The Report correctly reduces the compensable travel time to one hour each way and lowers the amount charged per hour to $162.50 (half of the recommended hourly rate).  See *J.R. v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 11783, 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021).  Some travel reimbursement is warranted here, in part because the billable working hours are comparatively few, and the recommended reductions sufficiently account for what a reasonable client would be willing to pay in total for the successful outcome.

Defendant also objects to the reimbursement of $180 in travel expenses and $72 in fax costs.  For the reason above, and because "certain schools only accept necessary records requests via fax," *N.G.B. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6571, 2022 WL 800855, at *5 (S.D.N.Y. Mar. 16, 2022), Defendant's objections are overruled.

### F. Settlement Offer

In light of the above, as of March 30, 2022, Plaintiff was entitled to recover $32,385.31 in fees and costs.  This is more than Defendant's settlement offer of $21,600, made the same date.  The IDEA contains an offer-of-settlement provision that caps recovery but does not apply here.  A plaintiff may not recover fees or costs for services performed subsequent to the time of a written offer of settlement that exceeds the relief awarded.  See 20 U.S.C. § 1415(i)(3)(D)(i) (stating that courts may not award fees for services performed "subsequent to the time of a written offer of settlement . . . [if] the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement").  Because Plaintiff's final award of fees and costs as of March 30, 2022, exceeds the settlement offer, this provision does not apply, and Plaintiff's recovery is not capped.  Defendant's objection to the contrary is overruled.

G.  **Remaining Report**

As to the remainder of the Report to which neither party objected -- that Plaintiff is a prevailing party, the award of certain costs and post-judgment interest -- the Court finds no clear error on the face of the record.  Accordingly, these portions are adopted in full.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *accord Zukergood v. Kijakazi*, No. 21 Civ. 6464, 2023 WL 375089, at *1 (S.D.N.Y. Jan. 24, 2023).

IV.  **CONCLUSION**

For the reasons above, the Report is adopted in full.  For clarity, Plaintiff is granted attorneys' fees in the amount of $35,247.63 and costs in the amount of $760.17, for a total of $36,007.80, plus post-judgment interest calculated at the applicable statutory rate.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 12 and to close the case.

Dated: March 17, 2023
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

14